**S. AMANDA MARSHALL, OSB #953473**
United States Attorney
District of Oregon
**MICHELLE HOLMAN KERIN, OSB #965278**
Michelle.Kerin@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:       503-727-1000
Facsimile:         503-727-1117

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.  3:13-CR-00292-HZ |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALEXANDER MICHAEL HERRERA,** | **Hearing: June 2, 2014, 11:00 a.m.** |
| Defendant. | |

The United States of America, through S. Amanda Marshall, United States Attorney for the District of Oregon, and Michelle Holman Kerin, Assistant United States Attorney, hereby submits this sentencing memorandum.  The government asks the Court to sentence defendant Alexander Michael Herrera to a two (2) year term of probation.

**A.    Summary of Proceedings.**

The defendant pled guilty to Count 2 of the Indictment, charging a violation of 49 U.SC. § 46504, Interference with Flight Crew Members and Attendants.  The maximum sentence for this crime is twenty (20) years' imprisonment, a fine of $250,000, three (3) years of supervised release, and a $100 special fee assessment.  A Presentence Report (PSR) for defendant was finalized and sentencing is currently set for Monday June 2, 2014 at 11:00 a.m.

**B.	Background**.

The factual background of the charge against defendant is accurately summarized in the PSR.  In short, the defendant suffers from mental illness; during a flight from Anchorage, Alaska to Portland, Oregon he interfered with the flight crew when he tried to open the emergency exit door as the airplane descended into Portland International Airport.   Passengers and the flight crew were forced to intervene and defendant resisted those attempts.

Defendant was arrested when the plane landed and spent several weeks in jail.  He was eventually released with strict conditions.  Since that time, significantly, the defendant has undergone treatment, taken medication regularly and has complied with all of the conditions of his pre-trial release.  He was supervised under the C.A.P.S. program and met regularly with the Honorable Paul Papak, who assisted him greatly navigate his extended and strict pre-trial supervision.  His Pre-trial Services Officer, Michelle Martins, has done an excellent job of staying in touch with defendant and aiding him through this process as well.  In all, this defendant has shown remarkable dedication to getting his life on the right track, undergoing and taking seriously his mental health treatment and trying to overcome setbacks along the way.  He has become employed and excelled in some instances in this capacity, he has volunteered in community organizations aimed at assisting the city's homeless and he has tried desperately to understand how to really thrive given his mental illness.  Mr. Herrera deserves great credit for this outcome and has worked hard to achieve this—as this court is well aware, we do not always see such success stories in similar situations.

/ / /

/ / /

C.     Sentencing Calculations.

The sentencing guidelines are advisory and just one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350.

The remaining statutory factors include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. § 3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id.* at 991. The court must also allow the parties to "argue for a sentence they believe is appropriate," and must "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id.* at 991-92.

**Page 3–GOVERNMENT'S SENTENCING MEMORANDUM**

The parties agree that the defendant's advisory sentencing guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2A5.2(a)(4): | 9 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1: | -2 |
| **Total Offense Level**: | **7** |

The defendant has a criminal history category of II. With a criminal history category of II and an offense level of 7, defendants' advisory sentencing guideline ranges are between 2 to 8 months' imprisonment.

**D.     Government's Recommended Sentence.**

The government recommends that the court downward depart and impose a two (2) year probationary sentence. The sentence recommended serves the purposes of 18 U.S.C. § 3553(a). The proposed sentence is appropriate given the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and the need to reflect just punishment for the offense. As described above, this is a unique case and one that as a direct result of the efforts of Judge Papak, Pre-trial Services Officer Michelle Martins and most significantly, the defendant, has resulted in a successful outcome that will protect the public. Mr. Herrera is a capable, motivated, intelligent young man who can achieve much so long as he regularly attends to his mental health issues. He has shown that he is ready to and can achieve that.

/ / /

/ / /

**Page 4–GOVERNMENT'S SENTENCING MEMORANDUM**

Given the defendants' sentencing guideline calculations and the factors outlined in 18 U.S.C. § 3553(a), the government believes that the proposed sentence of two (2) years' probation is appropriate in this case. The government urges the court to impose it.

DATED this 29th day of May, 2014

Presented by:

S. AMANDA MARSHALL
United States Attorney
District of Oregon

*/s/ Michelle Holmane Kerin*
MICHELLE HOLMAN KERIN, OSB#965278
Assistant United States Attorney